IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                       CV 15-608 WJ/WPL
                                                       CR 14-455 WJ

CASEY LAMOTTE,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Casey LaMotte filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV Doc. 4; CR Doc. 355.)[1] LaMotte argues that he is entitled to resentencing on the sole basis that he received constitutionally ineffective assistance of counsel. The United States responds that LaMotte failed to establish either prong of an ineffective assistance claim and his motion should be denied. (Doc. 374.) LaMotte did not file a reply. Since LaMotte's claim may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend that the motion be denied.

**BACKGROUND**

Based on a drug trafficking conspiracy in 2013, LaMotte was charged as part of a multi-defendant indictment with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and one count of using a telephone in furtherance of the conspiracy, in violation of 21 U.S.C. § 843(b). (Doc. 2.) LaMotte reached a plea agreement under which he pled guilty to one count of conspiracy to distribute methamphetamine. (Doc. 229.) In exchange

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 15-608 WJ/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 14-455 WJ. Unless otherwise indicated, all references are to documents in the criminal case.

for his guilty plea, the United States agreed to dismiss the use of a telephone charge and not pursue additional charges based on the underlying factual circumstances. (*Id.*)

LaMotte pled guilty before United States Magistrate Judge Lorenzo Garcia on February 26, 2015. (Doc. 364.) At the plea hearing, LaMotte was placed under oath and agreed that the United States Attorney accurately outlined the terms of his nonbinding plea agreement. (*Id.* at 7-8.) LaMotte stated that he understood what was happening, that he had sufficient time to consult with his attorney about his decision to plead guilty, that his attorney reviewed the plea agreement with him carefully and in full detail, that he read the entire plea agreement before signing it, that his attorney answered all of his questions about the plea agreement, that his attorney investigated the charge against him by way of interviewing him, that his attorney shared with him the discovery presented by the United States, and that his attorney attempted to find witnesses or other evidence beneficial to his case. (*Id.* at 9-13.) Finally, LaMotte agreed, under oath, that he was "fully satisfied with the legal counsel given [him] and the legal advice provided to [him] by [his] attorney[.]" (*Id.* at 13.)

At the sentencing hearing on June 29, 2015, the Court found that LaMotte's sentencing guideline range, based on his guilty plea and his criminal history, was between 87 and 108 months. LaMotte's attorney then argued for a downward variance based on LaMotte's history and ties to the community. The Court granted LaMotte a downward variance and ultimately sentenced him to 75 months of incarceration. (Doc. 362.)

LaMotte waived his right to appeal or collaterally attack his sentence on anything except the issue of defense counsel's ineffective assistance. (Doc. 229.) Accordingly, LaMotte did not appeal. He now raises eight issues in support of his ineffective assistance claim.

## STANDARD OF REVIEW

Because LaMotte is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## DISCUSSION

LaMotte raises eight issues, each relating to ineffective assistance of counsel. LaMotte claims that he received constitutionally ineffective assistance of counsel because his counsel "never disclosed any discovery information to [him]," "failed to put adequite [sic] time into [his] case," "failed to be Competent, Prompt, and Diligent," "failed to negotiate Plea Agreement," "persuaded [him] to take Plea within [his] guidelines," "did not discuss why this would be the best Plea for [him]," "informed [him] that if [he] did not take the plea [that he] would be taken to trial," and "did not communicate with [him]." (Doc. 355.)

The parties agree, and I concur, that LaMotte timely filed this motion. 28 U.S.C. § 2255(f). I further find that LaMotte's arguments are all without merit, and recommend that the Court deny LaMotte's motion, dismiss this case with prejudice, and deny a certificate of appealability.

**I.      Evidentiary Hearing**

A court must conduct a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Under this standard, "the petitioner bears the burden of 'alleging facts which, if proved, would entitle him to relief.'" *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (citations omitted), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc). Accordingly, if the prisoner alleges facts, which, if believed, cannot be grounds for relief, there is no need for a hearing. *See id.* Additionally, the petitioner's "allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Id.* (citations and internal punctuation omitted). If the claims relate to occurrences in the courtroom or evidence in the record, then the Court need not conduct a hearing. *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

Because the record alone establishes that LaMotte's § 2255 motion should be denied, I did not hold an evidentiary hearing in this matter.

**II.     Ineffective Assistance of Counsel**

LaMotte makes eight arguments about his counsel's alleged deficiencies. To succeed on an ineffective assistance of counsel claim, a defendant must show 1) that his lawyer's performance was deficient, i.e., below the level expected from a reasonably competent attorney in criminal cases, and 2) that he suffered prejudice, meaning that there is a reasonable probability that the result would have been different but for his lawyer's unprofessional errors. *United States v. Cruz*, 774 F.3d 1278, 1284-85 (10th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 696 (1984)). In the context of a defendant who pleaded guilty, the prejudice prong require

the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Weeks*, 653 F.3d 1188, 1201 (10th Cir. 2011) (quoting *Hill*). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

All of LaMotte's arguments are conclusory. Despite being allowed to amend his motion, and being specifically notified that his motion "lack[ed] adequate allegations," LaMotte included no factual detail whatsoever. (Doc. 351.) Indeed, LaMotte's only colorable factual averment is that he "paid for counsel and expected [defense counsel] to defend [him] to the best of her ability, which she did not [do]." (*Id.*)

LaMotte's motion necessarily fails because he made no showing of prejudice. LaMotte does not claim that he would have pleaded not guilty or insisted on going to trial had it not been for the alleged errors. Therefore, even if LaMotte could show that counsel's representation was deficient, despite the fact that he received a below-guidelines sentence and swore under oath that he was satisfied with counsel's representation, he could not show prejudice. *See United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) ("A defendant's statements at a plea hearing 'should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth' of those statements." (quoting *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975) (alterations in original)).

## CONCLUSION

LaMotte failed to establish, or even allege, prejudice as a result of counsel's allegedly deficient representation. Because LaMotte completely failed to establish the second *Strickland*

prong, the Court does not need to address whether counsel's representation was objectively reasonable. Therefore, I conclude that LaMotte failed to establish an ineffective assistance claim. For the reasons stated herein, I recommend that LaMotte's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 355) be denied and this case be dismissed with prejudice. I further recommend that the Court deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.